UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ELFRIEDE WRAY,** ) | Case No. 1:08-cv-852 |
| Plaintiff, ) | |
| ) | Judge Weber |
| ) | |
| v.  ) | REPLY MEMORANDUM IN SUPPORT |
| ) | OF MOTION TO STRIKE |
| **JAMES ROBERT FLECK, et al.,** ) | |
| Defendants. ) | |

## I.    LEGAL ANALYSIS

### A.    Plaintiff Does Not Object To Dismissal Of The Claims She Asserted Under 29 U.S.C. §1132(a)(2) and §1109 Of ERISA And Therefore Those Claims Should Be Stricken.

In Plaintiff's Response to Defendant AUL's Motion to Strike and Defendant EBMC's Motion to Dismiss ("Plaintiff's Memorandum"), Doc. No. 43, Plaintiff does not address Defendant American United Life Insurance Company's ("AUL") motion to strike the claims asserted in Counts Seven and Eight under 29 U.S.C. §1132(a)(2) and §1109. Presumably, Plaintiff agrees that she cannot assert such claims in this case. The United States Supreme Court is clear that claims under §1132(a)(2) "inure to the benefit of the plan as a whole." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *see also*, *LaRue v. DeWolff, Boberg & Assocs.*, 128 S. Ct. 1020, 1026 (2008) ("We therefore hold that although [§1132(a)(2)] does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account."). Accordingly, AUL respectfully requests that the Court enter an Order striking Counts Seven and Eight of the Amended Complaint.

**B.     Plaintiff Agrees That Her State Law Claims Should Be Stricken.**

Plaintiff agrees that Counts One, Two, Four, and Five should be stricken if ERISA applies to this case. In the Amended Complaint, Plaintiff alleges that her claims are brought under ERISA. (Amended Complaint at ¶ 6.) Moreover, Plaintiff argued throughout her Motion to Reverse the Administrative Decision that ERISA applied to this case. *See* Plaintiff's Motion to Reverse the Administrative Decision, Doc. 27. Accordingly, Counts One, Two, Four, and Five should be stricken.

Plaintiff also appears to agree that Count Three is not applicable to AUL and that the unjust enrichment claim under Count Three is directed at Defendants James and Scott Fleck. *See* Plaintiff's Memorandum at p. 3 ("Defendants Fleck should reimburse Plaintiff to the extent they have been unjustly enriched."). Plaintiff does not assert any basis to support an unjust enrichment claim against AUL most likely because Plaintiff alleges that AUL already paid the full amount of the life insurance benefit. (Amended Complaint at ¶ 23.) It is not logical to argue that AUL has been unjustly enriched when it has not retained the proceeds of the life insurance policy at issue in this case. Accordingly, AUL respectfully requests that the Court strike Count Three.

**C.     Plaintiff's Claim In Count Six For Breach Of Fiduciary Duty Under 29 U.S.C. §1132(a)(3) Should Be Stricken Because It Seeks Relief That Is Identical To Her Claim For Benefits Under 29 U.S.C. §1132(a)(1)(B).**

Despite the arguments in Plaintiff's Memorandum, it is clear from the Amended Complaint that Plaintiff asserted a claim under 29 U.S.C. §1132(a)(3) in Count Six. (Amended Complaint at ¶ 56); *see also*, Plaintiff's Memorandum at p. 3. Count Six alleges that "[AUL] wrongfully denied benefits due to [Plaintiff], and by so doing, failed to follow the terms of the policy/plan." (Amended Complaint at ¶55.) Plaintiff then alleged that she was entitled to

2

recovery of these "benefits" under 29 U.S.C. §1132(a)(1)(B) and §1132(a)(3). (*Id*. at ¶ 56.) Because Plaintiff seeks identical relief under both sections, her claim under §1132(a)(3) is improper and should be stricken.

Asserting a claim under 29 U.S.C. §1132(a)(3) (ERISA §502(a)(3)) is permissible only when a claimant alleges an injury that cannot be adequately remedied under another section of 502. *See Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 834 (6th Cir. 2007). "Because plaintiffs are entitled to seek relief under §502(a)(2) from [] defendants for their alleged fiduciary breaches, … plaintiffs cannot bring suit for these same actions under §502(a)(3)." *Id*. "Section 502(a)(3) is a catch-all provision which permits individual beneficiaries to bring suit for equitable relief." *Id*. citing *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996). "The applicability of §502(a)(3) is generally limited 'to beneficiaries who may not avail themselves of [ERISA's] other remedies.'" *Id*. citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998).

Under Count Six, Plaintiff alleged that she is entitled to the payment of life insurance benefits. (Amended Complaint at ¶¶ 55-57.) Because Plaintiff is entitled to seek relief for unpaid life insurance benefits under 29 U.S.C. §1132(a)(1)(B), her claim for life insurance benefits under 29 U.S.C. §1132(a)(3) is duplicative of her claim for benefits. As a result, there is no legal basis for Plaintiff to maintain a claim under 29 U.S.C. §1132(a)(3) against AUL. Accordingly, Plaintiff's claim under 29 U.S.C. §1132(a)(3) in Count Six should be stricken.

## II.  CONCLUSION

AUL should not be required to respond to claims that have no basis in law under clear Sixth Circuit and U.S. Supreme Court authority. The only possible relief available to Plaintiff is a claim for benefits under 29 U.S.C. §1132(a)(1)(B) as alleged in Count Six of the Amended

Complaint.  For the foregoing reasons and those reasons stated in its Motion to Strike, Defendant American United Life Insurance Company respectfully requests as follows:

    1.    That the Court strike Counts One through Five of the Amended Complaint;

    2.    That the Court strike Counts Seven and Eight of the Amended Complaint;

    3.    That the Court strike Count Six of the Amended Complaint to the extent that it asserts claims under 29 U.S.C. §1132(a)(3); and,

    4.    That the Court award costs and attorney fees to AUL related to its motion.

Respectfully submitted,

/s/ V. Brandon McGrath
Mark T. Hayden  (0066162)
V. Brandon McGrath  (0072057)
GREENEBAUM DOLL & MCDONALD PLLC
2900 Chemed Center
255 E. Fifth Street
Cincinnati, OH 45202
Telephone:  (513) 455-7641
Fax:  (513) 455-8500
vbm@gdm.com

*Attorneys for Defendant American United Life Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on the August 11, 2009 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

        /s/ V. Brandon McGrath
        *Trial Attorney for Defendant American United Life Insurance Company*

3501993_1.doc