UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ELFRIEDE WRAY,

   Plaintiff,

  v.                Case No. C-1-08-852

JAMES ROBERT FLECK, et al.,

   Defendants.

**ORDER**

This matter is before the Court upon defendant American United Life Insurance Company's Motion to Strike Counts One, Two, Three, Four, Five, Seven and Eight of Plaintiff's Amended Complaint in whole and Count VI in part (doc 37) and defendant Employee Benefit Management Corporation's Motion to Dismiss all claims asserted against it in the amended complaint (doc. 39). Plaintiff Elfriede Wray has filed a memorandum in opposition to both motions (doc. 43) and defendants have filed replies in support of their motions (docs. 44, 45).

**I. Allegations of the Complaint**

Plaintiff filed an amended complaint in this action on June 23, 2009, against defendants Employee Benefit Management Corporation (EBMC), American United Life Insurance Company (AUL), and James Robert Fleck and Scott Allen Fleck, the sons of the decedent James M. Fleck (hereinafter "decedent") (doc. 33). She contends that the Court has jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132(e)(1) and (f), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

Plaintiff makes the following allegations in the amended complaint: EBMC is an Ohio corporation and a fiduciary under ERISA. It specializes in the management and servicing of self-funded benefit programs. UAL conducts business in Ohio and is also a fiduciary under ERISA. Plaintiff was a long-time friend of the decedent, who lived with him in Lebanon, Ohio. She is a beneficiary under ERISA, 29 U.S.C. § 1002(8).

The decedent purchased a life insurance policy and an accidental death and dismemberment (AD & D) policy. He intended to divide the proceeds equally among plaintiff and his sons James and Scott. The decedent requested assistance from EBMC to help him prepare the beneficiary designations for both policies in accordance with his intent. EBMC, acting as agent for the decedent, AUL, and all beneficiaries, assisted the decedent in completing forms at policy inception or while the policies were in force, which designated plaintiff as a beneficiary of each policy, and specifically designated her as a beneficiary of 33.3% of the face amount of the life insurance policy.

The decedent changed his beneficiary designations on or about December 30, 2003, and signed and dated a beneficiary designation form on that date. EBMC failed to immediately notify AUL of the changes. In addition, EBMC failed to inform the decedent that the change to the beneficiary designation form he made on or about December 30, 2003, was insufficient to provide plaintiff with 33.3% of the benefits of "that policy."[1] As of that date, EBMC did not know what AUL required in order for a beneficiary designation form to be acceptable to it.

---

[1] Plaintiff's allegations are somewhat unclear regarding the beneficiary designation form the decedent signed on December 30, 2003. Presumably, "that policy" plaintiff references is the life insurance policy.

The decedent paid all premiums required under both policies and performed all other obligations required of him by those contracts. He died intestate on June 6, 2007, as a domiciliary of Warren County, Ohio. Benefits were paid under the AD & D policy in equal shares as intended by the decedent, but benefits under the life insurance policy were paid into the decedent's estate, of which James and Scott were the only distributees. AUL did not pay benefits under the life insurance policy to plaintiff, James and Scott in equal shares as intended by decedent, despite a request by plaintiff that it do so.

AUL notified plaintiff she would not receive benefits under the life insurance policy because the beneficiary designation form was not signed and dated. AUL did not provide any information to her explaining what steps she could take to appeal its decision to not pay benefits to her and did not provide a reasonable opportunity for review of the decision to deny benefits.

At all relevant times, James and Scott represented to plaintiff that she would receive one-third of the insurance proceeds and that the distribution of the estate and the insurance proceeds being administered under the estate would occur in late September 2008, when in fact the distribution took place on or before July 24, 2008.

Based on these allegations, plaintiff brings claims against AUL for breach of contract, claiming that she was a third-party beneficiary of the contract between the decedent and AUL for life insurance and that AUL breached its obligation to pay benefits under the life insurance policy to her (Count I); denial of benefits under ERISA §§502(a)(1)(B) and (a)(3), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3), claiming that AUL failed to follow the terms of the policy/plan and wrongfully denied plaintiff benefits due to her (Count VI); and breach of fiduciary duty under ERISA § 502(a)(2), 29 U.S.C. § 1109, claiming that AUL is a fiduciary under ERISA who owed

3

a fiduciary duty to decedent and plaintiff, which it breached by denying benefits due to plaintiff, not providing notice to her of any process by which she could appeal the denial of benefits, and not interpleading under the Federal Rules of Civil Procedure the matter of who the proper beneficiaries were under the policy (Count VII).

Plaintiff brings claims against EBMC for negligence, claiming that EBMC breached a duty it had to her, to decedent and to AUL to accurately complete and assist in completing such forms as were required under its agency relationship with AUL to establish plaintiff as a designated beneficiary on each insurance policy when it knew or should have known that AUL required the designation of beneficiary to be written and signed (Count II); for negligent misrepresentation, claiming that EBMC, under its agency relationship with AUL, had a duty to plaintiff, decedent and AUL to correctly advise them as to who the beneficiaries of the life insurance policy were and to inform them that the decedent's desire to have plaintiff share as an equal one-third beneficiary under the policy had not been correctly processed and completed, EBMC falsely and with failure to exercise reasonable care or competence represented to them that she was a properly nominated one-third beneficiary under the policy and the necessary forms had been correctly processed, they had a right to rely on this representation and justifiably relied on same, neither plaintiff, decedent nor AUL took any steps to correct the designation so that plaintiff was a one-third beneficiary, and plaintiff did not receive any policy proceeds because the beneficiary designation form was not properly completed (Count V); and breach of fiduciary duty under ERISA § 502(a)(2) and 29 U.S.C. § 1109, claiming that EBMC is a fiduciary under ERISA and it breached its fiduciary duties to plaintiff and decedent by not knowing AUL's requirements for an acceptable beneficiary designation, not knowing whether

decedent's designation made on or about December 30, 2003 was acceptable to AUL, not informing decedent or plaintiff that the beneficiary designation would not be acceptable to AUL, and not immediately informing AUL of the beneficiary designation made on or about that date (Count VIII).

Finally, plaintiff brings claims against James and Scott for unjust enrichment (Count III) and fraud in the inducement (Count IV).

## II. The Parties' Motions

EBMC moves to dismiss plaintiff's claims asserted against it in Counts II and V on the ground that they are preempted by ERISA because they are based upon the life insurance policy at issue, which, according to the allegations of the amended complaint, is part of an employee welfare benefit plan governed by ERISA. EBMC moves to dismiss Count VIII of the complaint against it on the ground that plaintiff is improperly asserting an individual claim to recover individual benefits under 29 U.S.C. § 1132(a)(2), which authorizes a claim for relief only on behalf of the plan as a whole or to restore the value of plan assets held in a participant's individual account. Finally, EBMC alleges that even if plaintiff's state law claim for negligence asserted in Count II is not preempted, the claim is barred by Ohio's economic loss doctrine.

AUL moves the Court to strike Counts I, II, III, IV and V of plaintiff's amended complaint on the ground that these causes of action assert state law claims preempted by ERISA; Counts VII and VIII because they assert claims for individual relief which are improper under ERISA, 29 U.S.C. §§ 1132(a) and 1109; and Count VI to the extent plaintiff asserts any claims under 29 U.S.C. § 1132(a)(3) because the relief plaintiff seeks is available under §

5

1132(a)(1)(B).² AUL seeks its costs and fees related to its motion but does not provide any authority for an award of costs and fees.

Plaintiff agrees that in the event this Court finds the plan at issue to be governed by ERISA, Counts I, II and V against defendants AUL and EBMC are preempted by ERISA.² Plaintiff contends that Counts VII and VIII should not be stricken or dismissed because she is not precluded from simultaneously asserting a claim for denial of benefits and breach of fiduciary duty, and she is seeking restitution, an equitable remedy available for breach of fiduciary duty.

EBMC argues in reply that plaintiff is conceding that Claims II and V against it are preempted by ERISA as a matter of law as the allegations of her amended complaint, accepted as true, demonstrate that the life insurance policy is governed by ERISA. EBMC also asserts that plaintiff has failed to address its claim that Count VIII must be dismissed because ERISA § 502(a)(2) does not provide a remedy for individual injuries distinct from injuries to the plan.

AUL contends that plaintiff has failed to address its motion to strike Counts VII and VIII on the ground that the relief sought in those counts does not inure to the benefit of the plan as a whole. AUL further notes that plaintiff concedes Counts I through V should be stricken if ERISA applies to this case, and she has argued in this case that ERISA does apply. AUL also contends that plaintiff appears to argue that Count III is not applicable to it. Finally, AUL argues

---

²Although AUL moves to strike all counts of the amended complaint in whole or in part, AUL is actually named only in Counts I, VI and VII. EBMC is the only defendant named in Counts II, V and VIII. Counts III and IV are asserted only against James and Scott, who have not moved to dismiss the claims asserted against them. Accordingly, the Court need not address the validity of the claims plaintiff brings against James and Scott in this Order.

that it is clear from the amended complaint that plaintiff is asserting a claim under 29 U.S.C. § 1132(a)(3) for wrongful denial of benefits in Count VI and that such claim must be stricken because plaintiff seeks identical relief for a denial of benefits under § 1132(a)(1)(B), which precludes her from seeking relief under subsection (a)(3).

### III. Standard of Review

Under Fed. R. Civ. P. 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted). Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim

is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. 556).

### IV. Applicable Law

ERISA contains both express and implied preemption provisions. The express preemption provision, 29 U.S.C. § 1144(a), preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444, 452 (6th Cir. 1003) (citing 29 U.S.C. § 1144(a)). "State law" includes "all laws, decisions, rules, regulations or other State action having the effect of law." *Id*. (citing ERISA § 514(c)(1)). In order to "relate to" a benefit plan, it is necessary only that a law have "a connection with or reference to such a plan." *Id*. (citing *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 97 (1983)).

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), provides several avenues by which employee-benefit plan participants and beneficiaries may enforce their rights under ERISA and under the terms of their plans. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) (concurring opinion). "A participant or beneficiary may file a civil action (1) 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' § 502(a)(1)(B); (2) 'for appropriate relief under section 409,' § 502(a)(2); and (3) 'to enjoin any act or practice which violates any provision of this title or the terms of the plan, or . . . to obtain other appropriate

8

equitable relief ... to redress such violations,' § 502(a)(3)." *Id*. at 148-49.  A "participant" is defined under ERISA, 29 U.S.C. § 1002(7), as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit."  "Beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

An ERISA plan participant or beneficiary can seek equitable relief against a plan administrator under § 502(a), 29 U.S.C. § 1132(a), if she has been harmed by the administrator's breach of a fiduciary duty. *See Marks,* 342 F.3d at 454 (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)).  A beneficiary cannot pursue relief "for individual injuries distinct from plan injuries" under subsection 502(a)(2), which authorizes a beneficiary to seek appropriate relief under ERISA § 409, 29 U.S.C. § 1109, although that provision "does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." *LaRue v. DeWolff, Boberg & Assocs*., 552 U.S. 248, 256 (2008); *see also Russell*, 473 U.S. at 140 (recovery for a violation of § 409 "inures to the benefit of the plan as a whole.")

If a participant or beneficiary has an adequate remedy under the other provisions of § 502, she cannot seek equitable relief for a breach of fiduciary duty under the catchall provision of § 502(a)(3). *Marks,* 342 F.3d at 454 (citing *Varity Corp.*, 516 U.S. at 512; *Wilkins v. Baptist Healthcare Sys., Inc*., 150 F.3d 609, 615 (6th Cir. 1998)).  Rather, the Supreme Court in *Varity* clearly limited the applicability of § 502(a)(3) to beneficiaries who cannot avail themselves of § 502's other remedies.  *Wilkins*, 150 F.3d at 615 (citing *Varity*, 516 U.S. at 512).  Thus, if a

9

plaintiff is permitted to challenge an administrator's denial of benefits under § 502(a)(1)(B) and that provision provides a remedy for the denial of benefits, then she cannot bring a cause of action for breach of fiduciary duty under § 502(a)(3) seeking to recover those same benefits. *See Marks*, 342 F.3d at 454.

## V.  Resolution

Counts II and V of the Amended Complaint brought against EBMC must be dismissed because they assert state law claims and plaintiff is clearly seeking benefits under an alleged ERISA plan. Accordingly, those claims are preempted by ERISA. Plaintiff cannot proceed with her claim brought against EBMC in Count VIII under § 502(a)(2) because she is seeking to recover individual benefits as opposed to seeking relief for injury to a plan. Accordingly, because plaintiff has failed to state a claim for relief against EBMC, EBMC must be dismissed as a party to this lawsuit.

Count I against AUL, the only state law claim plaintiff asserts against this particular defendant, is likewise preempted because plaintiff is seeking to recover benefits allegedly due her under an ERISA plan. Plaintiff cannot proceed with her claim asserted in Count VII against AUL under § 502(a)(2) because she is seeking a remedy for individual injuries as opposed to injury to the plan. Finally, plaintiff cannot seek relief under the catchall provision of 29 U.S.C. § 1132(a)(3) for wrongful denial of benefits asserted in Count VI because the alleged injury may be completely remedied under § 1132(a)(1)(B). Plaintiff is therefore limited to pursuing the relief she seeks under the latter provision.

As for AUL's request for attorney fees and costs in connection with its motion, AUL has not cited any authority to show that it is entitled to an award of fees and costs. Accordingly, AUL's request is not well-taken.

## VI.  Conclusion

In accordance with the foregoing, defendant EBMC's motion to dismiss (doc. 39) is **GRANTED.**  Plaintiff's claims against EBMC set forth in Counts II, V and VIII of the amended complaint are **DISMISSED** and EBMC is **DISMISSED** as a party to this lawsuit.   The motion to strike by AUL (doc. 37) is **GRANTED in part** and **DENIED in part.**  Plaintiff's claims against AUL brought in Counts I and VII of the amended complaint and the claim for relief under § 1132(a)(3) set forth in Count VI are **DISMISSED**.  This action shall proceed on the § 1132(a)(1)(B) claim against AUL set forth in Count VI of the amended complaint and on the claims against James Robert Fleck and Scott Fleck brought in Counts III and IV of the amended complaint.

    **IT IS SO ORDERED**.

.

        S/ Herman J. Weber
        HERMAN J. WEBER, SENIOR JUDGE
         UNITED STATES DISTRICT COURT