UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ELFRIEDE WRAY,

    Plaintiff,

    v.                                                                    Case No. C-1-08-852

JAMES ROBERT FLECK, et al.,

    Defendants.

### ORDER

This matter is before the court upon defendant American United Life Insurance Company's Motion for Leave to File Cross Claim (doc. 54) and Motion to Stay Execution of Judgment (doc. 67); defendant James Robert Fleck's Motion to Continue (doc. 58) and Motion to Continue the Trial, and Extend Pretrial Brief Filing Deadline and Pretrial Date (doc. 60)[1]; and defendant Scott Allen Fleck's Motion to Continue and/or Stay Proceedings (doc. 61). On November 3, 2010, the court held a hearing on the pending motions and on the issue of whether its judgment of September 14, 2010, in favor of plaintiff and against defendant American United Life Insurance Company (AUL) should be certified for immediate appeal under Fed. R. Civ. P. 54(b). Pursuant to the record established at the hearing, the court makes the following rulings.

**A. Motion for Leave to File Cross-Claim (doc. 54)**

The proposed cross claim states at ¶ 10 that "Because the beneficiary designation was not signed and dated as required by the AUL policy, AUL paid benefits to the Estate of Decedent . . ." This allegation is inconsistent with the law of the case as it presently stands. At page 12 of

---

[1] Doc. 60 is an amended version of doc. 58, and the original motion is therefore moot.

the court's order dated September 14, 2010, the court states that "Fleck completed a designation of beneficiary form which he signed and dated December 30, 2003." Doc. 52.  The court will therefore deny defendant AUL's motion for leave to file its cross claim against the Fleck defendants on the ground that the proposed cross claim is inconsistent with the law of the case as it presently stands.

### B. Rule 54(b) Certification

In its order of September 14, 2010, the court entered judgment in favor of plaintiff and against AUL in the amount of $118,000 plus interest at the rate of 4.84% accruing from June 16, 2007, plus costs.  The order stated that the claims against the Fleck defendants remained pending.  The clerk entered judgment in favor of plaintiff and against AUL on that same date.  Although the judgment did not dispose of all the claims in the case, AUL filed a notice of appeal from the order on October 12, 2010.  Doc. 55.  The Fleck defendants moved to continue or stay the proceedings in this court following the filing of the appeal.

At the November 3, 2010 hearing, all of the parties stated that they consented to a certification of the judgment against AUL pursuant to Fed. R. Civ. P. 54(b).  Rule 54(b) provides that

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The rule is designed to "facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." **Solomon v. Aetna Life Ins. Co.**, 782 F.2d 58, 60 (6th Cir. 1986). "A Rule 54(b) certification recognizes the practical finality of a decision as to certain claims and permits such a decision to be appealed as a final judgment." **Good v. Ohio Edison Co.,** 104 F.3d 93, 95 (6th Cir. 1997). Rule 54(b) "is intended 'to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.'" **Id.** (quoting **Day v. NLO, Inc**., 3 F.3d 153, 155 (6th Cir.1993) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2654 (1983)).

The factors the district court should consider in striking this balance include "(1) the closeness of the relationship among the causes of action, (2) the possibility that the need for review might or might not be mooted by future developments in the district court, (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;" and (4) "other factors such as delay, expense and the relative frivolity of the claims." **Day,** 3 F.3d at 155 (citations omitted). If the district court chooses to certify a claim for immediate appeal, it must state its reasons for doing so. **Solomon,** 782 F.2d at 61.

Pursuant to the record established at the hearing, the court will certify the judgment in favor of plaintiff and against AUL for immediate appeal. A decision in plaintiff's favor on appeal would render her claims against the Fleck defendants moot. Therefore, in order to conserve the resources of both the court and the parties, the court will allow plaintiff to obtain a decision on AUL's appeal rather than requiring her to expend potentially unnecessary time and expense pursuing her claims against the Fleck defendants.

AUL's cross claim against the Fleck defendants would not be moot if the appellate court rules in plaintiff's favor, and AUL may wish to pursue its cross claim in that event. Because the cross claim is closely related to plaintiff's claim against AUL, it would serve the interest of judicial economy for this court to certify its order denying AUL leave to file the cross claim and allow the court of appeals to consider that issue at the same time it considers AUL's appeal of the judgment in favor of plaintiff on her claim against it. The court will therefore certify its order denying AUL leave to file the cross claim for immediate appeal.

**C. Motions to Continue/Stay**

In light of the foregoing, the motions to stay the proceedings pending the outcome of the appeal and AUL's motion to stay execution of judgment are well-taken. The court will vacate the trial date and stay the proceedings conditioned on AUL's posting of a supersedeas bond or its deposit of funds into the court registry.

**D. Conclusion**

In accordance with the foregoing, defendant AUL's Motion for Leave to File Cross Claim (doc. 54) is **DENIED.**

This order denying AUL leave to file its cross claim and the court's judgment of September 14, 2010, in favor of plaintiff and against defendant AUL are certified for immediate appeal pursuant to Fed. R. Civ. P. 54(b). AUL is **ORDERED** to either deposit into the registry of the court the amount of $145,000.00 or post a supersedeas bond in that amount. The final judgment is **STAYED** for fourteen (14) days pending the deposit of the funds into the court registry or the posting of the supersedeas bond.

Defendant James Fleck's Motion to Continue (doc. 58) is **DENIED** as moot.  Defendant James Fleck's  Motion to Continue the Trial, and Extend Pretrial Brief Filing Deadline and Pretrial Date (doc. 60) is **GRANTED** in part and defendant Scott Fleck's Motion to Continue and/or Stay Proceedings (doc. 61) is **GRANTED**.  Defendant AUL's Motion to Stay Execution of Judgment (doc. 67) is **GRANTED.**  The trial term is **VACATED.**  This case is **ADMINISTRATIVELY STAYED** and **TERMINATED** pending the disposition of the appeal.  The parties are granted leave to move to reinstate the case on the court's active docket at such time in the future as the parties deem appropriate.

    **IT IS SO ORDERED**.

                                            S/ Herman J. Weber
                                            HERMAN J. WEBER, SENIOR JUDGE
                                             UNITED STATES DISTRICT COURT